IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sol Rose III,

   Plaintiff,                               Case No. 2:12-cv-977

 v.                                      JUDGE MICHAEL H. WATSON
                                        Magistrate Judge Kemp
Sgt. Maynard Reed, et al.,

   Defendants.

OPINION AND ORDER

Sol Rose III, an inmate at the Belmont Correctional Institution, filed this action under 42 U.S.C. § 1983 alleging that defendants, Jefferson County Sheriff Fred Abdalla, Charles Spencer, Mahmoud Hassan, and Maynard Reed assaulted him and failed to properly recruit, train, and discipline officers.  This case is before the Court on Mr. Rose's "Motion for Summary Judgment" (Doc. 20) and defendants' motion to strike plaintiff's "Motion for Summary Judgment" or, in the alternative, motion to strike the witness statements attached to the motion (Doc. 24). While Mr. Rose captioned his motion as a motion for summary judgment, Mr. Rose's motion is actually a Rule 37 motion to compel discovery and a motion asking the Court to accept certain witness statements.  For the reasons set forth below, Mr. Rose's motion will be denied without prejudice.  Defendants' motion to strike will also be denied.

I. The Motion to Compel

Mr. Rose's motion does not seek summary judgment as defined in the Federal Rules of Civil Procedure.  Rather, Mr. Rose's motion sets forth two requests.  The first request provides:

>  Plaintiff request [sic] the Court, with great respect to grant motions on; <u>MEMORANDUM IN SUPPORT & NOTICE OF SUBPOENAS OF EVIDENCE TO SUPPORT CLAIM</u>, Plaintiff Sol

> Rose III can show the court footage of video's [sic] of attack, and acts of dereliction of duty from Officers, under R.C. 2921.44 (A-2)(C-2)(C-3), "Where Officers failed to report an assault, where Officers failed to provide adequate medical attention after the assault by fellow officers, using unreasonable force without cause, ECT [sic];".

(Doc. 20 at 1). This request refers to Plaintiff's notice of subpoenas of evidence to support claim, which he filed on December 7, 2012 and December 10, 2012 (Docs. 5 and 6). Mr. Rose seeks to compel discovery of surveillance footage of the alleged assault, a list of names of the other inmates the day of the alleged assault, Mr. Rose's phone records from that day, and medical records. Because the Federal Rules of Civil Procedure require parties to take a number of steps before filing a motion to compel, and it appears that Mr. Rose has skipped to the last step in the process, the Court cannot grant his request.

The requirements for a motion seeking a Court order compelling discovery are set forth in Rule 37(a) of the Federal Rules of Civil Procedure. Under Rule 37(a)(1), "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Mr. Rose has not certified that he has, "in good faith," made an effort to "confer[] or attempt[] to confer" with defendants regarding these requests.

Furthermore, it is not clear that there are grounds for compelling defendants to produce the discovery that Mr. Rose seeks at this time. Under Rule 37(a)(3)(A), a party may move to compel disclosures required by Rule 26 of the Federal Rules of Civil Procedure, which stipulates that a party must disclose certain information without awaiting a discovery request. However, this action was brought pro se by a person in state custody, and so this action is exempt from the initial disclosure

requirements of Rule 26(a)(1)(A) pursuant to Rule 26(a)(1)(B)(iv).

Under Rule 37(a)(3)(B), a party can move to compel discovery if:

> (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B).  This first requires a party to serve a valid discovery request, notice of deposition, or subpoena as contemplated by the rules.  For example, a party might, under Rule 34(a)(1)(A), make a request of the opposing party to "produce . . . designated documents or electronically stored information. . . . "  Or information could be sought in accordance with Rule 30 (depositions by oral examination), Rule 31 (depositions by written question), Rule 33 (interrogatories to parties), or other portions of Rule 34 (producing documents, electronically stored information, and tangible things, or entering onto land, for inspection and other purposes).  It does not appear that Mr. Rose has made a proper discovery request pursuant to any of those rules seeking the discovery at issue in his motion.  Furthermore, even if Mr. Rose had made a proper discovery request as described in the rules, he could file a motion to compel only if defendants refused the request, or if the Court determined that the defendants' disclosures or responses were "evasive or incomplete." Fed. R. Civ. P. 37(a)(4).  Finally, as stated previously, any motion to compel would have to comply with the requirements of Rule 37(a)(1).

For the reasons set forth above, Mr. Rose's motion to compel under Rule 37 is denied.

II. The Motion to Accept Certain Witness Statements

Mr. Rose also requests that the Court accept two witness statements, again under the heading of "motion for summary judgment." It is not clear what Mr. Rose means by "accept" in this context. Mr. Rose has not identified any claims or defenses as to which there is "no genuine dispute to any material fact" as contemplated by Rule 56 of the Federal Rules of Civil Procedure. It is not clear what these statements are being offered to support, and the Court declines to consider them in the abstract.

### III. Defendants' Motion to Strike

Defendants move to strike Mr. Rose's motion for summary judgment. Defendants claim that the Mr. Rose has not met his burden of proving, by a preponderance of the evidence, that there is no genuine issue of material fact and he is entitled to judgment as a matter of law. Defendants also move to strike Mr. Rose's witness statements because they are not admissible for purposes of Rule 56.

The Southern District of Ohio has held that motions to strike are disfavored. See Berry v. Frank's Auto Body Carstar, Inc., 817 F. Supp. 2d 1037, 1041-42 (S.D. Ohio 2011), aff'd 495 F. App'x 623 (6th Cir. 2012). In Berry, the Court determined that "a Court should ignore inadmissible evidence instead of striking it from the record." Id. Further, even in situations governed by Rule 12(f), this Court has determined that motions to strike are only granted where the material at issue is "scandalous" in that it contains "extreme or offensive" language, or where it is "immaterial" because it "bears no possible relation to the controversy." Hughes v. Lavender, 2:10-CV-674, 2011 WL 2945843, at *2 (S.D. Ohio July 20, 2011).

Here, defendants have provided no legal basis for striking the motion or witness statements. Even if the motion were a pleading governed by Rule 12(f), it contains no "extreme or offensive" language, and is thus not scandalous. Further, to the extent that the witness statements are inadmissible, the proper

remedy would be to ignore them.  Accordingly, defendants' motion to strike will be denied.

IV. <u>Conclusion</u>

For the reasons set forth above, Mr. Rose's motion to compel and to accept certain witness statements (Doc. 20) and defendants' motion to strike (Doc. 24) are denied.

V. <u>Appeal Procedure</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge