```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Sol Rose,                         :

       Plaintiff,             :

  v.                              :        Case No. 2:12-cv-977

Sgt. Maynard Reed, et al.,        :        JUDGE JAMES L. GRAHAM
                                           Magistrate Judge Kemp
       Defendants.            :

## OPINION AND ORDER

Sol Rose III, an inmate at the Belmont Correctional Institution, filed this action under 42 U.S.C. §1983 alleging that defendants, Jefferson County Sheriff Fred Abdalla, Charles Spencer, Mahmoud Hassan, and Maynard Reed assaulted him and failed to properly recruit, train, and discipline officers. Currently pending before the Court for consideration are three motions "for subpoena(s) to produce documents" (Doc. #21, #22, #23), a motion for the appointment of counsel (Doc. #29), a motion to compel (Doc. #40), a motion for Jefferson County Administrator to produce discovery of documents and electronically stored information (Doc. #41), a motion for Jefferson County Sheriff Fred Abdulla to produce discovery of designated documents and electronically stored information (Doc. #42), and a request for the production of documents (Doc. #48) filed by Mr. Rose.

### I. Requests for Discovery

Mr. Rose has filed a number of motions seeking discovery. As this Court noted in a previous order, absent certain circumstances, Fed. R. Civ. P. 5(d) does not permit the filing of discovery requests.  That rule provides, in pertinent part, that requests for documents and tangible things "must not be filed until they are used in the proceeding or the court orders filing...."  Because the discovery requests have not been used in

a proceeding and the Court has not ordered filing, the following documents will be stricken:  the motions "for subpoena(s) to produce documents" (Doc. #21, #22, #23), the motion for Jefferson County Administrator to produce discovery of documents and electronically stored information (Doc. #41), the motion for Jefferson County Sheriff Fred Abdulla to produce discovery of designated documents and electronically stored information (Doc. #42), and the request for production of documents (Doc. #48).

## II. Motion to Compel

Mr. Rose has filed a motion to compel discovery, claiming that defendants have failed to respond.  Defendants filed a memorandum in opposition to the motion, attaching their responses to the discovery which they sent to Mr. Rose via ordinary mail.  Mr. Rose did not file a response to the memorandum in opposition.  Because defendants appear to have responded to the discovery in full, the motion to compel will be denied as moot.  (Doc. #40).

## III. Motion for Extension of Time

Mr. Rose also filed a motion seeking an extension of the discovery deadline.  Mr. Rose asserts that additional time is necessary so that he can pose the following requests for production of documents:

  (1)  Any reports involving types of allegations and investigations for violent behaviors even if only "slight" of the Defendants (Charles Spencer)(Maynard Reed)(Mahmoud Hassan).

  (2)  Any reports or investigations of disciplinary actions or allegations of investigations prior to ("Charles Spencers") "relief" of duty and leading up to his "dimissal"[sic] as well as "cause" for his dimissal [sic].

(Doc. #45 at 1-2).  Defendants oppose Mr. Rose's motion, arguing that they have already responded to Mr. Rose's requests.  Defendants state that to the extent that their "prior response requires further clarification," they "attach the affidavit of Captain Shawn Livingston."  (Doc. #46).

Fed. R. Civ. P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to enter a scheduling order that limits the time to, <u>inter alia</u>, complete discovery. The rule further provides that "[a] schedule may be modified only for good cause and with the judge's consent."  In this case, the record reflects that defendants have responded to Mr. Rose's requests and, to the extent necessary, supplemented those responses with an affidavit.  Because Mr. Rose fails to set forth good cause for the extension requested, the Court in its discretion will deny the motion.  (Doc. #45).

### IV. Motion for the Appointment of Counsel

In a motion filed on September 12, 2013, Mr. Rose has asked for a second time that counsel be appointed for him.  (Doc. #29). As the Court found previously, this action has not yet progressed to the point that it is able evaluate the merits of Mr. Rose's claim.  Consequently, the motion for appointment of counsel will be denied.  <u>See</u> <u>Mars v. Hanberry</u>, 752 F.2d 254 (6th Cir. 1985).

### V. Conclusion

For the reasons set forth above, the motions "for subpoena(s) to produce documents" (Doc. #21, #22, #23), the motion for Jefferson County Administrator to produce discovery of documents and electronically stored information (Doc. #41), the motion for Jefferson County Sheriff Fred Abdulla to produce discovery of designated documents and electronically stored information (Doc. #42), and the request for the production of documents (Doc. #48) are stricken.  Further, the motion to compel (Doc. #40) and motion for the appointment of counsel (Doc. #29) are denied.

### VI. Appeal Procedure

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt.

I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

                                              /s/ Terence P. Kemp
                                              United States Magistrate Judge