```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Sol Rose, III,

      Plaintiff,

   v.                        Case No. 2:12-cv-977

Sgt. Maynard Reed, et al.,

      Defendants.

## OPINION AND ORDER

This is an action under 42 U.S.C. § 1983 brought by Sol Rose, III, a state inmate currently incarcerated at the Belmont Correctional Institution, Belmont County, Ohio, against Belmont County Sheriff Fred Abdalla, Sergeant Maynard Reed, Deputy Mahmoud Hassan, and Corrections Officer Charles Spencer. In his complaint, plaintiff alleges that on February 20, 2012, while he was in pretrial custody at the Belmont County Jail, he was assaulted by Reed, Hassan and Spencer, and that Sheriff Abdalla was responsible for this assault by reason of his failure to properly recruit, train and discipline these officers.

On February 28, 2014, defendants filed a motion for summary judgment. See Doc. 52. On June 13, 2014, the magistrate judge issued a report and recommendation, see Doc. 70, recommending that the motion for summary judgment be granted in part and denied in part. Doc. 70, pp. 17-18. The magistrate judge also recommended that plaintiff's motions for video argument (Doc. 65) and for denial of oral argument (Doc. 66) be denied, noting that the motion for summary judgment could be decided by the court on the papers in the record, and that an oral hearing is unnecessary. Doc. 70, pp. 17-18.

In addressing the defendants' motion for summary judgment, the magistrate judge first concluded that defendants' request for summary judgment due to plaintiff's failure to exhaust his administrative remedies was not well taken because defendants failed to demonstrate that the Belmont County Jail had a grievance process which plaintiff failed to utilize.  Doc. 70, pp. 5-6.  The magistrate judge also concluded that although plaintiff failed to specify in his complaint whether he was suing defendants in their official or individual capacities, the record as a whole indicated that defendants received sufficient notice that plaintiff intended to pursue both official and individual capacity claims.  Doc. 70, pp. 6-7.  The magistrate judge next addressed the issue of official capacity liability, and concluded that there was insufficient evidence to raise a genuine dispute of fact concerning plaintiff's claims that his alleged injuries were caused by a county policy or custom.  Doc. 70, pp. 7-9.  As to the individual capacity claims, the magistrate judge found that plaintiff had failed to produce sufficient evidence to present a jury issue on Sheriff Abdalla's liability under a theory of supervisory liability, and that there was also no competent evidence that Deputy Hassan and Officer Spencer had participated in the alleged assault.  Doc. 70, pp. 9-11.  However, the magistrate judge concluded that the evidence presented a genuine dispute of fact which precluded an award of summary judgment to Sergeant Reed in his individual capacity based on his qualified immunity defense.  Doc. 70, pp. 11-17.

This matter is now before the court for consideration of Reed's partial objection (Doc. 73) and plaintiff's objection (Doc. 72) and supplemental objection (Doc. 74) to the magistrate judge's report

and recommendation.  If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

I. Plaintiff's Objections

    Plaintiff argues in his objection that Sheriff Abdalla should be held liable for the acts of defendants Hassan and Spencer.  Doc. 72, p. 1.  The magistrate judge noted that plaintiff's sole allegation against Sheriff Abdalla was that he failed to train, discipline and recruit officers.  As the magistrate judge observed, Doc. 70 at p. 10, a supervising official is not liable for failure to train employees unless the supervisor either encouraged the specific incident of misconduct, or in some other way directly participated in it, or implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of other officers. Phillips v. Roane County, Tenn., 534 F.3d 531, 543 (6th Cir. 2008). In his deposition, plaintiff testified that he believed that Sheriff Abdalla did not know about the incident and would have done something if he had known.  Doc. 51-1 at 160:18-161:14.  Thus, the magistrate judge properly concluded that there was no evidence supporting a claim for supervisory liability against Sheriff Abdalla in his individual capacity.  See Doc. 70, p. 10.

    Plaintiff argues that Abdalla should also be held liable for

3

failing to produce a disciplinary report on Reed and for failing to investigate the incident.  Doc. 72, pp. 1-2.  Plaintiff did not allege this failure to investigate claim in his complaint, and he cannot assert this claim for the first time in his opposition to defendants' motion for summary judgment.  See <u>City of Columbus, Ohio v. Hotels.com, L.P.</u>, 693 F.3d 642, 650 (6th Cir. 2012).  In any event, supervisory liability must be based on active unconstitutional behavior on the part of the defendant, not on a mere failure to act.  <u>Shehee v. Luttrell</u>, 199 F.3d 295, 300 (6th Cir. 1999).  The mere failure to discipline is not actionable.  <u>Frodge v. City of Newport</u>, 501 F.App'x 519, 532 (6th Cir. 2012).  Likewise, the mere failure to investigate is not sufficient to state a claim.  <u>Shehee</u>, 199 F.3d at 300).  Rather, a government entity is liable for a failure to investigate only if the failure amounts to a deliberate indifference to constitutional rights amounting to a policy of the entity.  See <u>City of Canton v. Harris</u>, 489 U.S. 378, 389 (1989); <u>Leach v. Shelby County Sheriff</u>, 891 F.2d 1241, 1232-43 (6th Cir. 1989).  Plaintiff has failed to produce evidence sufficient to satisfy that standard in this case.

Plaintiff also argues that Deputy Hassan and Officer Spencer should be held liable for their failure to intervene in the alleged assault by Sergeant Reed.  Doc. 72, p. 2.  Plaintiff did not allege a claim based on a failure to intervene in his complaint, and he cannot assert such a claim for the first time in his objections to the report and recommendation.  As to plaintiff's claim of assault against these defendants, the magistrate judge noted plaintiff's testimony that he did not see Hassan and Spencer harming him, and that he did not know whether they did or not.  Doc. 70, p. 10

4

(citing Doc. 51-1 at 41:1-20 and 73:10-74:9).  Although plaintiff also testified at his deposition that two other inmates claimed to have seen Spencer and Hassan assault him, plaintiff produced no sworn testimony from those inmates, and plaintiff's testimony in that regard was inadmissible hearsay which could not be considered in summary judgment proceedings.  Doc. 70, pp. 10-11.

Plaintiff also argues that Sheriff Abdalla should be held liable in his official capacity as a county employee. Doc. 75, p. 1.  As noted by the magistrate judge, a suit against local government officials in their official capacity is treated as one against the local government entity. Kentucky v. Graham, 473 U.S. 159, 166 (1985).  To satisfy the requirements for suing the county in this case, plaintiff must identify a policy or custom, connect that policy or custom to the county, and show that the execution of that policy or custom caused the particular injury. Gregory v. Shelby County, Tenn., 220 F.3d 433, 442 (6th Cir. 2000).  The magistrate judge correctly noted that plaintiff did not argue that a custom or policy caused his injury; rather, he argued to the contrary that the defendants violated an existing policy when they caused his injury. Doc. 70, p. 8.  The magistrate judge commented that plaintiff "did not point to actions taken by officials with final decision-making authority" and that plaintiff "testified that he believed that Sheriff Abdalla did not know about the incident and would have done something if he had known."  Doc. 70, p. 8.  The magistrate judge further observed that plaintiff provided no evidence of inadequate training or supervision other than the incident itself. Doc. 70, p. 8.  The magistrate judge stated that although plaintiff offered certain disciplinary records of the

5

defendants in an effort to establish a custom of tolerance or acquiescence in federal rights violations, none of those disciplinary records involved the infliction of physical harm on inmates. Doc. 70, p. 9. The magistrate judge also noted that plaintiff produced no admissible evidence that anyone with decision-making authority was aware of any federal rights violations by the defendants. Doc. 70, p. 9. The magistrate judge properly concluded, see Doc. 70, p. 9, that the evidence was insufficient to create a triable issue on the existence of an official policy or custom which caused the alleged assault, and that Sheriff Abdalla and the other defendants could not be held liable in their official capacities.

Finally, plaintiff has filed a supplemental objection alleging that Sheriff Abdalla should be held liable based on an alleged pattern or policy at the jail of denying inmates medical treatment. See Doc. 74. He has submitted a newspaper article concerning an unrelated action filed by the family of another inmate concerning the jail's failure to provide the inmate with insulin for his diabetes, resulting in the inmate's death. However, plaintiff's complaint contains no allegations concerning a lack of medical treatment. This claim, asserted for the first time in response to defendants' motion for summary judgment, need not be addressed. See City of Columbus, Ohio, 693 F.3d at 650.

Plaintiff's objections to the report and recommendation are denied.

## II. Reed's Partial Objection

Defendant Reed objects to the conclusion of the magistrate

judge that plaintiff can proceed on his due process assault or excessive force claim against Reed in his individual capacity. Reed correctly notes that the complaint fails to specifically state whether plaintiff is asserting his claims against the defendants in their official and/or individual capacities.  In addressing this issue, the magistrate judge stated:

> If there is <u>no</u> indication that defendants are being sued in their individual capacities, the Court assumes they are being sued in their official capacities. <u>Moore v. City of Harriman</u>, 272 F.3d 769, 772 (6th Cir. 2001)(citing <u>Whittington v. Milby</u>, 928 F.2d 118 (6th Cir. 1991)).  However, even if there is no indication in the complaint that defendants are being sued in their individual capacities, courts in this circuit "have applied a 'course of proceedings' test to determine whether §1983 defendants have received notice of the plaintiff's intent to hold them personally liable, albeit without clearly labeling the test as such." <u>Moore</u>, 272 F.3d at 772 (noting that courts have looked to filings such as a response to a motion for summary judgment to determine whether proper notice had been given)(citations omitted). Accordingly, failure to state explicitly that a defendant is being sued in his or her individual capacity is not fatal to individual-capacity claims "if the course of proceedings otherwise indicates that the defendant received sufficient notice." <u>Id.</u>, at 772 (citations omitted).

Doc. 70, pp. 6-7.  The magistrate judge concluded that the course of the proceedings in this case indicated that defendants received sufficient notice that plaintiff intended to pursue individual capacity claims because plaintiff sought compensatory and punitive damages, and because defendants asserted a qualified immunity defense in their answer.  Doc. 70, p. 7.

Although it is "clearly preferable" that a plaintiff specify whether a defendant is sued in his official or individual capacity, "failure to do so is not fatal if the course of proceedings

otherwise indicates that the defendant received sufficient notice." Moore, 272 F.3d at 772. The caption of the complaint in this case included the defendants' official titles. In this respect, this case differs from Moore, where the complaint caption contained only the officers' names. See Moore, 272 F.3d at 773. However, plaintiff sought compensatory and punitive damages in this case. This was factor considered by the court in Moore as providing notice of an individual capacity suit. Id. A request for compensatory and punitive damages alone is not sufficient to place a state official on notice that he is being sued in his individual capacity. Shepherd v. Wellman, 313 F.3d 963, 969 (6th Cir. 2002). However, other matters such as "the nature of any defenses raised in response to the complaint, particularly claims for qualified immunity," may also be considered. Id. at 968.

A review of the pleadings in the case shows that defendants asserted a qualified immunity defense in their answer. See Doc. 11, p. 2, ¶ 9. "Asserting the defense of qualified immunity can be seen as an admission that the §1983 defendant knows [he] is being sued in his individual capacity." Nails v. Riggs, 195 F.App'x 303, 307 (6th Cir. 2006)(citing Rodgers v. Banks, 344 F.3d 587, 594 (6th Cir. 2003)). Defendants also argued in their motion for summary judgment that even assuming that the complaint was sufficient to assert individual capacity claims, they were entitled to summary judgment. See Doc. 52, pp. 18-26. "The assertion of a qualified-immunity defense (even a contingent qualified-immunity defense) indicates that the defendants were aware they could be held personally liable." Lindsay v. Bogle, 92 F.App'x 165, 169 (6th Cir. 2004)(citing Biggs v. Meadows, 66 F.3d 56, 61 (4th Cir. 1995)); see

also Moore, 272 F.3d at 772 (courts may look to later pleadings, such as a response to a motion for summary judgment, to determine whether proper notice had been given). The nature of plaintiff's claims against Sergeant Reed, which are based on the alleged excessive use of force against plaintiff by Reed personally, an intentional tort claim, also suggests that plaintiff intended to sue Reed in his individual capacity. "To the extent doubt persists that this combination of factors warrants construing the complaint as one against the defendants individually, this doubt should be resolved in [plaintiff's] favor as a pro se plaintiff." Lindsay, 92 F.App'x at 169. The court agrees with the conclusion of the magistrate judge that Reed had sufficient notice that plaintiff intended to pursue claims against him in his individual capacity, and Reed's partial objection is denied.

III. Conclusion

  Having reviewed the report and recommendation and the objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b), the court finds that plaintiff's objections (Docs. 72, 74 and 75) and Reed's partial objection (Doc. 73) are without merit and they are denied. The court adopts and affirms the report and recommendation (Doc. 70). In accordance with the foregoing, the defendants' motion for summary judgment (Doc. 52) is granted in part and denied in part. The motion is granted in regard to claims asserted against all defendants in their official capacities and claims asserted against Abdalla, Hassan and Spencer in their individual capacities. The motion for summary judgment is denied in regard to claims asserted against Reed in his individual

capacity. Plaintiff's motions for video argument (Doc. 65) and for denial of oral argument (Doc. 66) are denied as moot.

Date: July 17, 2014             s/James L. Graham
                                James L. Graham
                                United States District Judge